Pevbsox, C. J.
 

 The counsel for the appellants took these positions:
 

 1. The marriage was void, not having been solemnized in the mode required by law.
 

 2. The Convention had no power to give validity to the marriage.
 

 3. The ordinance of the Convention does not apply to this case.
 

 We admit the first position. The marriage was not v.alid, on the ground that Cox, who professed to act as a justice of
 
 *587
 
 the peace at its solemnization, was not an officer of the State, either
 
 de jure
 
 or
 
 de facto.
 
 After the order of General Schofield announcing the subjugation of the State, and that it was in the possession of the army of the United States, all of the officers of the State were
 
 dead,
 
 and could no longer exercise the functions of their respective offices. This is settled in the matter
 
 oí Hughes, ante,
 
 57, followed by
 
 Wiley
 
 v.
 
 Worth, ante,
 
 171;
 
 Haley
 
 v.
 
 Haley,
 
 Phil. Eq., 180. The idea that after the State attempted to withdraw from the Union, had waged war for four years, and had been subjugated, the officers of the State who had in the meantime disowned their allegiance to the United States, and attorned to the government of the Confederate States, could the next day turn around and say: “We will now discharge the duties of our respective offices, as if nothing had happened,” is out of the question. But it is said the State had no right to secede, and consequently was
 
 never out
 
 of the Union: Agreed; but does it follow that the officers of the State are to occupy their same positions under the new order of things ? If the State had a
 
 right
 
 to secede, and the United States
 
 torongfully
 
 waged war to the result of subjugation, it is conceded on all hands that, according to the laws of war, the State was subject to the terms of the conqueror. That the State can be in a better condition, on the supposition that the attempt to secede was
 
 vrrongfid,
 
 and the war waged by the United States
 
 rightful,
 
 is a conclusion upon which no mind, accustomed to legal investigation, cannot rest as a proposition of law. So Cox, who was appointed a justice of the peace by the State while a member of the Confederate States, was not, at the time he solemnized this marriage, an officer of the State, and consequently the marriage was not valid.
 
 State
 
 v.
 
 Samuel,
 
 2 Dev.
 
 &
 
 Bat., 177.
 

 2. We are of opinion that the Convention had power to give validity to this marriage. On this distinction: If the
 
 *588
 
 marriage be a
 
 nullity
 
 for the want of the essence of the matter, that is, the consent of one of the parties, as in the case of
 
 Crump
 
 v.
 
 Morgan, 3
 
 Ire. Eq., where, one of the parties being lunatic, the court decreed a divorce “of nullity of marriage,"- — -neither a Convention, nor Legislature, nor any other authority has power to make the marriage valid; but if the marriage be invalid by reason of the non-observance oí some solemnity which is required by statute, as the presence of a minister of the gospel or a justice of the peace, that want of form may be supplied by an ordinance of a Convention, This conclusion if fully supported by the authorities cited on the argument, and indeed it is so well sustained by the reason of the thing as to need no support.
 

 3. This is t-he only point about which the court has had much difficulty. I confess that at first I was inclined to the opinion that the case did not fall within the provisions of the ordinance, ch. 11, “An ordinance declaring what laws and ordinances are in force, and for other purposes.” It seemed to me- that the scope of the ordinance was to give validity to all acts done by the civil officers of the State during t-he war, and up to the time when the provisional Governor was inducted into office; and after that time to give validity to all of his acts, and all of the acts of the officers appointed by him, so as to make his induction into office the dividing line, and not to have one set of officers lapping over and encroaching upon the jurisdiction of the other set. But upon further consideration, and in deference to the better judgment of my brothers Battle and Reade, I became fully satisfied that my first view of the ordinance was too narrow, and that by its true construction it does not draw any sharp dividing line between what was done by the civil officers of the State, and what by the officers appointed by the Provisional Governor; for there had been no collision or contest for jurisdiction between them, and the benign and en
 
 *589
 
 larged purpose of the ordinance was to make valid everything which had been done under any authority purporting to be a law of the State, in like manner and to the same extent as if the State had never attempted to secede, without
 
 minding
 
 any lapping over into the time of Provisional Gov-men t.
 

 In reference to marriages there Avas good reason for using the broadest terms, as is done in this ordinance; for although in this particular instance, where the marriage was solemnized near the seat of government, there Avas a chance that the parties had heard of the induction of the Provisional Governor, and of his proclamation, and possibly, if well informed in regard to the consequences of a civil war resulting in subjugation, they might have known that Cox was no longer a justice of the peace, either
 
 de jure
 
 or
 
 cle facto,
 
 still it Avas apparent to the members of the Convention that this information did not reach the extreme counties of the State for several months, and -when it was known, its legal effect was not appreciated. This accounts for the general terms: ‘- All marriages solemnized on or since that day,” &c, extending the remedy down to the date of the ordinance.
 

 There is no error. Judgment affirmed. This Avill be certified to the end that further proceedings may be had in the court beloAv.
 

 Per Curiam. Judgment affirmed.